### SAUNDERS v. SOUTHERN KRAFT CORPORATION.

#### No. 6163.

Court of Appeal of Louisiana. Second Circuit.

May 3, 1940.

J. Norman Coon, of Monroe, for appellant.

Madison, Madison & Files, of Bastrop, for appellee.

### TALIAFERRO, Judge.

Plaintiff developed paralysis of the left side of the face on November 25th or 26th, 1939, and, accrediting the resultant physical disability to an accident he alleges occurred on November 25th, while performing his duties as a laborer, sues defendant, his employer, for workmen's compensation on the basis of permanent total disability.

Plaintiff's duties required him to fire one of a multiple group of furnaces. He alleges that at about eleven o'clock A. M., November 25th, while firing the furnace, a lump of ash, weighing about twenty-five (25) pounds, fell several feet from a conveyor, striking the left side of his head so violently as to knock him to the floor unconscious, where he remained in such condition for five minutes. He predicates the right to recover upon this alleged accident.

Defendant denies that the alleged accident occurred and, therefore, denies that the disability now affecting plaintiff arose out of or in the course of his employment or resulted therefrom.

The demand of plaintiff was rejected and he appealed.

Plaintiff alone testified in support of the allegations describing the accident he claims to have experienced. It occurred, if at all, in the day time. Seventeen workmen besides himself constituted his shift, many of whom worked about the furnaces within a relatively few feet from him. He testified that he was in a stooping posture when struck and was knocked dazed, semiconscious, to his knees and remained in that condition and position for approximately five minutes and then made his way to a post near by, where he sat for five or ten additional minutes, after which he resumed work. He made no outcry nor did he impart to any of his co-workmen nor to his superiors that he had been injured. He admits that when struck he was in front of his furnace in plain view of many of the other laborers. Several of these workmen testified in behalf of defendant. Not one of them knew that plaintiff was hurt. Their testimony, together with that of a foreman, and strong pertinent circumstances, make it quite certain that the alleged accident, with the immediate results as asserted by plaintiff, could not have happened without some of them becoming aware of it.

Plaintiff continued to work until one o'clock P. M., at which hour he, with other workmen, retired to the bath room and bathed. He then walked three-fourths (3/4) of a mile and took a conveyance to Monroe, Louisiana. On the trip from the bath room to the conveyance he was accompanied by a co-laborer, but neither to him nor to any of the others, while bathing, did he even intimate that he had been hurt. He testified that paralytic symptoms began to manifest themselves that night while in Monroe.

Plaintiff returned to Bastrop, the locus of defendant's plant, about noon the day following the alleged accident. He was due to resume work the following morning at one o'clock, but did not report timely because of oversleeping. It was then for the first time that he reported to his superior that he was hurt in the accident alleged upon. Physical examination by physicians disclosed no wound nor abrasion of any character on plaintiff's head, notwithstanding he says this twenty-five (25) pound lump of ash fell several feet before contacting his head. It is evident, yea certain, that if the lump of ash had struck the side of plaintiff's head in the manner alleged and testified to by him, the skin and flesh would have been cut and bruises of more or less serious character have been inflicted and still extant when examined by the physicians less then forty-eight (48) hours thereafter.

The reason plaintiff assigns for not reporting the alleged accident to one of his superiors is that he feared he would be discharged when it was known he was

injured. He had a slight accident at the same place a few weeks prior and reported it promptly. He admits he knows of no instance of defendant discharging a work-man simply because he sustained an injury.

We are convinced that the alleged accident is without foundation in fact. In addition to this conclusion, the medical testimony heavily preponderates in favor of the theory that the paralysis is the result of focal infection and not trauma. This testimony supports the contention that a lick on the side of the head of such violence as to injure the nerves sufficiently to produce paralysis would have to be of a crushing character. The bone structure protecting these nerves would have to be crushed and the nerves injured or impinged so as to materially impair their normal functioning to produce paralysis.

The judgment of the trial court is eminently correct. It is affirmed with costs.